Frederick Backer, J.
Defendant moves to vacate and set aside the service of the summons and complaint herein, on the ground that this court lacks jurisdiction over the person of the defendant. The defendant claims he is a nonresident of the State of New York and not subject to the jurisdiction of this court in this matrimonial action based on out-of-State service of the summons. We are presented with a novel question, viz., whether or not the execution of a separation agreement between husband and wife constitutes the transaction of business *474 within this State so as to come within the application of the Civil Practice Law and Rules (302, subd. [a], par. 1) which permits out-of-State service.: Plaintiff sued herein to have the separation agreement, together with a supplementary agreement thereto, set aside or, in the alternative, enforced. Plaintiff has also commenced an action in Washington, D. C., where the defendant resides, for other related relief. Defendant was served without the State, and it is clear that he neither resides nor maintains an office for the transaction of business in this State. It further appears that he was not a resident, a domiciliary of this State at the time the agreements were executed, nor does it affirmatively appear that he owns or possesses any real property here.
302 of the Civil Practice Law and Rules was enacted to broaden the basis for the exercise of jurisdiction by our courts over nonresidents. However, it does not appear to have been the intent of the draftsmen of the statute to expand this exercise of jurisdiction to the often called ‘1 outer limits of permissible jurisdiction” consistent with Federal constitutional requirements (see 1 Weinstein-Korn-Miller, New York Civ. Prac., 302.01; cf. Advisory Committee on Practice and Procedure [2d Prelim. Rep. 1958], pp. 37, 39). Accordingly, it is not here necessary to determine whether the exercise of jurisdiction would be violative of due process or not (cf. McGee v. International Life Ins. Go., 355 U. S. 220, with Hanson v. DencJcla, 357 U. S. 235, Vanderbilt v. Vanderbilt, 354 H. S. 416), but to consider only whether, by the enactment of 302, the Legislature intended to extend jurisdiction of our courts to cover matters which, in the common cause, are deemed to have a “ non-business ” character. Such an approach to the problem is also dictated by the general rule that in the construction of statutes, approaches .should be utilized which do not raise constitutional questions (see Kurland, Supreme Court, The Due Process Clause and the In Personam Jurisdiction of State Courts, 25 Univ. of Chi. L. Rev. 569, 608, for an argument that the decision in McGee was predicated, to a substantial degree, upon the commercial aspect of the activity concerned). It would have required no great effort for our Legislature to have provided, if it so desired, that jurisdiction would attach where the action involved a contract made within New York. The reservation in the separation agreement of a right to plaintiff to apply “ to any court in the State of New York or elsewhere ’ ’ for relief cannot be construed as a consent by defendant to appear in a New York court in any such suit. Without his consent or general appearance in such action, *475 jurisdiction is still lacking because of his nonresidency. Moreover, this court is not persuaded that the word “ business ” as used in 302 can be construed to encompass the execution of a separation agreement, but, rather, that the intendment and contemplation of the verbiage was in respect of transactions being a business — a commercial aspect. Accordingly, the motion is granted.