Xavier C. Riccobono, J.
Defendant moves to dismiss, pursuant to CPLR 3211, upon the grounds that this court lacks jurisdiction of both the subject matter and the person of the defendant.
To the extent that the application is based upon the former ground, it is wholly without merit (see Rosenbloom v. Rudd, 31 N. Y. S. 2d 821).
*514 The other ground urged for dismissal, however, presents a novel question regarding the application of CPLR 308 (subd. 3) which appears to be one of first impression in this State.
Defendant, though conceding that he maintains an office in New York City for the conduct of his business as a theatrical agent, asserts, through his counsel’s affidavit, that he is a nonresident and a nondomiciliary of this State and that he has resided continuously in the State of California from 1960 to date. Plaintiff does not deny these assertions, nor does he make any showing which would tend to controvert them. Instead, he rests his entire argument upon the proposition that this court acquired personal jurisdiction over defendant, solely by virtue of the provisions of CP'LR 308 (subd. 3) (made applicable to this court via the operation of section 403 of the CCA), when (duly diligent attempts at personal delivery of the summons to defendant pursuant to subdivision 1 of that section having failed) the summons was affixed to the door of defendant’s place of business within this city and mailed to his last-known residence in California.
As the action is based upon the alleged breach by defendant of his contractual obligations to make support payments to plaintiff under a separation agreement, section 404 of the CCA (this court’s counterpart of CPLR 302) is therefore unavailable as a basis for personal jurisdiction (see Willis v. Willis, 42 Misc 2d 473). Moreover, no other basis is shown, or appears, in the indicated circumstances, either under the CPLR or the CCA, by virtue of which this court could exercise either in personam or in rem jurisdiction over the defendant (cf. CPLR 313-316; CCA 404, 405, 407, 408).
The crux of plaintiff’s contentions with respect to the applicability of CPLR 308 (subd. 3) rests upon a construction of the language of that subdivision which appears to find some support in the original Practice Commentary by Professor McLaughlin appended to McKinney’s Consolidated Laws of New York (Book 7B, CPLR 308) and also in the decision by Mr. Justice (teller in the case of Timen v. Robinson (N. Y. L. J., April 6, 1964, p. 15, col. 1). An equally authoritative commentator, however, has taken a different and, in my opinion, a sounder view (see “ General Note on CPLR 308(3) with Reference to CCA and UDCA ” contained in the Commentary on Revision by Professor Siegel appended to Book 29[A], Part 3, McKinney’s CCA, § 403). Moreover, while an interpretation of CPLR 308 (subd. 3) consonant with plaintiff’s contentions herein; fiz., that personal service upon a natural person, not residing and not domiciled in this State, but who has a place *515 of business therein, may be effected pursuant thereto, even though the cause of action does not arise out of the doing of business by such person within the State, is implied from the language of the Timen case, it cannot be construed as so holding since CPLR 302 was applicable to that case and, consequently, CPLR 313, permitting personal service outside the State, was also applicable and permitted CPLR 308 (subd. 3) procedure to be applied “ without the State ”, in the same manner as it could be applied within.
First of all, in our task of gleaning the Legislature’s intent in its enactment of CPLR 308 (subd. 3), we are not without valuable guideposts. As stated in the codified canons of statutory construction found in McKinney’s (Book I, Statutes, § 74): “ It is a sound inference that, in the absence of express language indicating its intention, it is presumed that the Legislature did not intend to overturn long established rules of law.” (See Seligman v. Friedlander, 199 N. Y. 373, rearg. den. 200 N. Y. 505; Matter of Lampson, 22 Misc. 198, affd. 33 App. Div. 49, affd. 161 N. Y. 511; cf. McKinney’s Statutes, §§ 153, 75 and 149.) The predecessor sections to CPLR 308 (subd. 3) in the former practice were sections 230 and 231 of the Civil Practice Act. It was clear that under those sections, the mailing requirement could be fulfilled only by mailing the summons to defendant’s residence within the State. Accordingly, to overcome the presumption that the Legislature, by the enactment of CPLR 308 (subd. 3) did not intend to disturb this long-settled rule, a clear expression to the contrary would be required. No such expression, however, is to be found in the language of subdivision 3 itself. Indeed, as indicated from a comparison of the opinions expressed in the two able commentaries referred to above, considerable ambiguity and doubt has been raised by such language since it is unclear whether the phrase, “ within the state ”, takes as its antecedents only the words, “ place of business, dwelling house or usual place of abode ”, or whether it also embraces the word “ residence ”. Moreover, while the canons further provide that, ‘1 the notes and reports of legislative commissions and statutory revisers appended to a bill at the time of its passage are thought to be indicative of its scope and purpose, and while they are not controlling on the courts, they are extremely persuasive on the question of legislative intent ” (McKinney’s Statutes, § 125), a review of such notes and reports does not aid us here as they are silent upon the crucial question here before us (see Second Preliminary Report of Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, p. 156; Fifth Preliminary Report, N. Y. *516 Legis. Doc., 1961, No. 15, p. 266). The inference permitted by the previously quoted language of section 74 of McKinney’s Statutes, is, accordingly, all the more compelling.
A further consideration militating against the construction of CPLR 308 (subd. 3) advanced by plaintiff herein is that such construction would undoubtedly engender serious questions regarding the constitutionality of that section. That such problems are to be avoided is dictated by the general rule that in the construction of statutes, approaches should be utilized which do not raise constitutional issues (McKinney’s Statutes, § 150; see, also, Willis v. Willis, supra). While it is now apparent that the provisions of such subvdivision and of subdivision 4 of such section may be adapted, by virtue of CPLR 313, to permit extrastate service conferring personal jurisdiction where one of the substantive bases for such jurisdiction set forth in CPLR 313, exists, e.g., where the defendant is a domiciliary of this State or where the cause, of action asserted against him arises out of one of the acts set forth in CPLR 302 (see Davis v. Gahan, 227 F. Supp. 867; decision by Mr. Justice Geller in the case of Timen v. Robinson, N. Y. L. J., April 6, 1964, p. 15, col. 1; Totero v. World Tel. Corp., 41 Misc 2d 594; Iroquois Gas Corp. v. Collins, 42 Misc 2d 632), to hold that such provisions would permit this court, via section 403 of the CCA, to exercise in personam jurisdiction over a nonresident, nondomiciliary natural person through the mere sending of its process out of the city to him via ordinary mail and affixing it to the door of his place of business within the city in a case where the cause of action does not arise out of his doing of business within the city and no other possible substantive basis for the exercise of such jurisdiction exists other than the bare unrelated circumstance that he had an office in and did some business within the city, would, at the very least, be stretching the constitutional requirements of due process to its outermost limits.
Upon the foregoing analysis, it is the opinion of this court that where, as here, CPLR 313 has no application, the requirement of CPLR 308 (subd. 3) that the summons be mailed to defendant’s “ last known residence ”, means a residence, “within the state”; that under such circumstances, CPLR 308 applies in this court only via the provisions of section 403 of the CCA so that these two provisions must be considered together for the purposes of such application; and that such consideration has the effect of converting the aforesaid territorial part of the mailing (as well as the affixing) requirement of CPLR 308 (subd. 3) from an intrastate to an intracity one. *517 It is only in those eases where CPLR 313 (or some other provision of the CPLR permitting extrastate service) and a CCA provision permitting service outside the city, or as in Supreme Court practice, are applicable, that such territorial requirements of CPLR 308 (subd. 3) and CCA 403 can be eliminated.
Accordingly, the contentions of plaintiff herein having been found to be without merit, the motion is granted and the complaint is dismissed.