LAURI S. KOCHENTHAL, Respondent, v. EDWARD G. KOCHENTHAL, Appellant.

Second Department, July 10, 1967.

*Singer, Corwin & Bobrow* (*Walter A. Bobrow* of counsel), for appellant.

*Joseph F. Minutolo* for respondent.

BENJAMIN, J. This is an action by wife against husband to recover payments allegedly due under a separation agreement executed in New York in 1957. At that time both parties live in this State. The wife still lives here, but the husband now lives in Indiana. The summons and complaint in this action were served on defendant in Indiana pursuant to CPLR 302 (subd. [a]). He moved to vacate the service and to dismiss the complaint on the ground that said statute does not here apply, the service was

unauthorized, and the court has not acquired jurisdiction of his person. Special Term denied his motion, and he appeals.

The parties married in 1946. They have one son. The separation agreement, which they executed in New York in 1957, provided *inter alia* that (1) plaintiff would have custody of the child and defendant would have visitation rights at plaintiff's New York home; (2) defendant would make monthly support payments at plaintiff's New York home, plus 30% of any increased income starting with 1958; and (3) any notice or demands made pursuant to the agreement would be made at the parties' then New York addresses. For nine years defendant made the monthly support payments, but allegedly did not pay the 30% of his increased income. This action is to recover arrears of that 30% of defendant's increased income.

As above noted, the summons and complaint were served upon defendant in Indiana, pursuant to CPLR 302 (subd. [a]). That section provides that: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary * * * [who] * * * (1) transacts any business within the state ".

Defendant's basic contention is that the statutory words ("transacts any business within the state") apply only to commercial transactions, and not to the execution of a separation agreement. I disagree.

This very contention was recently overruled by the courts of Massachusetts and Maryland in *Spitz* v. *Spitz* (31 Mass. App. Dec.—, 16 Legalite 278, decided March 6, 1965) and *Van Wagenberg* v. *Van Wagenberg* (241 Md. 154 [1966]), both of which involved the construction of our statute (CPLR 302, subd. [a], par. 1) and its applicability to a separation agreement. In *Spitz* the court said this: "While there are decisions in New York which declare that the execution of [a separation] agreement * * * does not constitute doing business * * * we do not consider the construction given the law by these courts as authoritative or binding. What is involved in this litigation concerns more than an isolated transaction. The contract [executed] * * * in New York is a mere incident in a complex domestic situation which involves the responsibility of the defendant as the head of a family, over a long period of time. Whether an arrangement whereby one lives apart from his wife and family and leaves the state of their residence can be designated ' doing business ' is beside the point. * * * What does matter is that a course of action inextricably involved in the

status and legal responsibilities of the defendant is going on in the State of New York. The jurisdiction of the courts of New York over such a situation is by no means casual. The State of New York can, if it so desires, invoke criminal sanctions to enforce the claims of this plaintiff on the defendant. There is a strong social interest in the security of family life. In our opinion the many considerations which justify the exercise of jurisdiction by the courts over non-resident automobilists apply with equal effect to the situation under review. ''

*Van Wagenberg* (*supra*) involved a separation agreement executed in New York by a husband living in Maryland and his separated wife living in New York. The wife sued the husband in New York for arrears of support payments due her under the agreement; she served him personally in Maryland pursuant to CPLR 302; he defaulted and she entered an $18,500 judgment '' for breach of an express contract ''; she then sued him in Maryland on that judgment and moved for summary judgment; he opposed on the ground that the New York court had not obtained jurisdiction of his person and that its judgment was not entitled to full faith and credit. The Maryland Court of Appeals overruled the husband's contention, granted summary judgment to the wife, and said that the execution of the separation agreement in New York brought the case within that provision of CPLR 302 which confers personal jurisdiction over a nondomiciliary who '' transacts any business within the state ''. After analyzing our Court of Appeals decision in *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke* (15 N Y 2d 443) the Maryland court said the following:

'' An agreement of the nature here involved is a legal act of the most serious nature. Unlike a marriage ceremony, which creates a status, or a divorce, which terminates a status, the agreement sounds in contract. \* \* \* The contractual nature of a separation agreement, as distinguished from the personal obligations inherent in the status of marriage, was [historically] recognized in England (p. 167). \* \* \*

'' The agreement on which the New York judgment was obtained \* \* \* employs terms and deals with matters commonly associated with business \* \* \* . The inevitable preliminary negotiations, like the agreement itself, involved financial affairs. No profit was involved for any one, but \* \* \* we are reluctant to believe that the New York legislature, in enacting this statute, did not intend to protect its citizens as to the result of acts within the state which, however important in nature to the New York residents, did not involve a profit (p. 168). \* \* \*

" The term ' transaction of any business ' is generic and vague. As we have seen, the agreement in this case involves definite elements of a business nature. Paragraph 1 of the statute [CPLR 302] is not limited in terms to commercial transactions nor does it contain an exclusion of transactions not entered into for profit. Our study of the *Longines* decisions persuades us that it is the doing of an act — with the necessary contact in the state — which is determinative, and that the legislative history and the plain meaning of the statute show that it includes within its reach acts such as are here involved." (p. 170). And to the foregoing, the Maryland court added in its concluding paragraph that the application of CPLR 302 in a case like this " did not offend traditional notions of fair play and substantial justice. The service of the husband outside of New York's territorial limits, did not, on the facts here involved, constitute an infringement of due process of law ".

Also worthy of quotation is the opinion of the learned Special Term in the case at bar. *Inter alia,* he said (52 Misc 2d 437, 441, 442–443):

" I do not hold to the belief that the statute in question must be so narrowly construed as to be applicable only to pecuniary transactions of a commercial nature. It seems to me that the term ' business ' should not necessarily be limited to commerce among the states and thus be applicable only to people and corporations engaged in pecuniary gain. I know of no concept of contract law which would exclude agreements between husband and wife in such a manner as to draw a mantle of protection over either the husband or the wife in the event that one of them becomes a resident of another State and proceeds to violate a written instrument duly made and executed between them. *
* * To extend the application of the procedural law by means of the ' long arm statute ' to the business world and to every individual who sees fit to drive his automobile in a State other than that in which he resides and thus become liable to litigation in that State in the event of an accident, but to slam the door shut upon a husband or wife who have executed an agreement between them which meets every test of contractual law, would not, it seems to me, be in conformity with either the letter or the spirit of our system of jurisprudence as it exists today, and would certainly be throwing a roadblock in the administration of justice as this court understands that term. * * *
" Today's more flexible formula recognizes ' such contacts ' of the defendant ' with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought

there ' (*International Shoe Co.* v. *Washington,* [326 U. S. 310, 317] *supra*). The ' quality and nature of the activity in relation to the fair and orderly administration of the laws ' are to be weighed. (*International Shoe Co.* v. *Washington, supra,* p. 160). This same formula is ' equally applicable to jurisdiction over individuals. ' (*Davis* v. *St. Paul-Mercury Ind. Co.,* 294 F. 2d 641, 647 [4th Cir.].) ''

I agree with the reasoning and holding in *Van Wagenberg* (*supra*) and *Spitz* (*supra*). I similarly fully agree with the analysis and reasoning of the learned Special Term in this case. Parenthetically, I might also note that in *Estin* v. *Estin* (334 U. S. 541) the court clearly indicated that the wife's right of support is a property right separable and divisible from the marital status.

I conclude that a separation agreement, executed in New York, is within the ambit of CPLR 302 (subd [a], par. 1), and that a summons served upon a nondomiciliary party thereto, outside the State of New York, confers jurisdiction of his person upon the New York court.

Insofar as *Willis* v. *Willis* (42 Misc 2d 473), *Durgom* v. *Durgom* (47 Misc 2d 513) and *Morris* v. *Morris* (N.Y.L.J., Dec. 7, 1967, p. 16, col. 3) are to the contrary, they are disapproved. *Cockrum* v. *Cockrum* (20 A D 2d 642) is distinguishable on its facts and, particularly, because it was decided under the more restrictive provisions of section 235 of the former Civil Practice Act.

The order appealed from should be affirmed, with $10 costs and disbursements. The time to answer should be extended until 20 days after entry of the order hereon.

NOLAN, J. (concurring in result). No constitutional question has been raised, either at Special Term or in this court, and our only problem is to determine whether CPLR 302 (subd. [a], par. 1), may be so construed as to permit this court to exercise personal jurisdiction over the defendant under the circumstances disclosed by the record. In my opinion, it may and should be so construed. The execution of the separation agreement, and the negotiations which preceded it, involving as they did the property rights and the financial affairs of the parties, constituted the transaction of business, within the meaning of the statute.

BRENNAN, Acting P. J., HOPKINS and MUNDER, JJ., concur with BENJAMIN, J.; NOLAN, J., concurs in result in separate opinion.

Order affirmed, with $10 costs and disbursements.

The time to answer is extended until 20 days after entry of the order hereon.