Leonard H. Sandler, J.
In this suit by the plaintiff for damages arising from an alleged breach by the defendant of a contract providing for attendance by her son at a camp owned and operated by plaintiff, the defendant moves under CPLR 3211 (subd. [a], par. 8) to dismiss the complaint on the ground that the court lacks jurisdiction of the person of the defendant.
The defendant is a resident of Nassau County. The plaintiff is a corporation, the principal office of which is in New York County and which has a second office in Queens County.
Plaintiff alleges that the contract (in question was entered into between it and the defendant at its Queens ’ office. Although this assertion is cast in general terms, and devoid of any specifics as to the time, circumstances, and surrounding events, I am required to accept the conclusion set forth for purposes of this motion in the absence of any explicit denial on behalf of the defendant.
The last significant fact also not disputed, is that the camp in question is located at Roscoe, New York, a community not within the boundaries of New York City.
The question presented is whether this court, under subdivision (a) of section 404 of the New York City Civil Court Act, *563 the transacting any business subsection of the Civil Court counterpart of the ‘ ‘ long-arm ’ ’ section, CPLR 302, has personal jurisdiction over a nonresident with regard to a contract entered into in New York City at the corporation’s office to send her son to a camp not located within this city.
I have concluded that this court does not have jurisdiction and that the complaint must be dismissed, for two distinct reasons, one of which involves the troublesome and comparatively little discussed question of the applicability of the transaction of business section to those whose activities within the concerned jurisdiction are not profit-making or commercial in character.
The evolution of CPLR 302 and the main lines of its interpretation have been authoritatively presented elsewhere and are sufficiently well known so as to render unnecessary any detailed recital here. (See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443, 450-452; Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13; McLaughlin, Practice Commentary & Supplementary Practice Commentary to CPLR 302 [McKinney’s Cons. Laws of N. Y., Book 7B]; 1 Weinstein-Korn-Miller, N. Y. Civ Prac., § 302.)
From that history it may be helpful to note here two points of particular relevance.
The first is that the standard controlling State exercise of jurisdiction, as ultimately defined by the Supreme Court, and as cited in the Longines-Wittnauer case {supra) is as follows:
“ The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of defendant’s activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” (Hanson v. Denckla, 357 U. S. 235, 253.)
The other point to be noted preliminarily is that in the Longines-Wittnauer case {supra) the Court of Appeals held quite clearly that CPLR 302 (and necessarily CCA, § 404) did not exploit fully New York’s constitutional right to exercise jurisdiction over nonresidents.
The first reason for deciding against jurisdiction, and one that seems comparatively free from doubt, was clearly indicated by Professior McLaughlin an authoritative commentator in this area, and one who has consistently supported a broad view of the jurisdiction conferred by CPLR 302. (See Supplementary Practice Commentary to § 302, 1965.) He pointed out that *564 ‘ ‘ Care should be taken against placing too much stock in the place where the contract is executed ” and went on to present the following example. ‘ ‘ If, for example, a contract were made, i.e., executed while the parties happened to be in New York for a convention and this was the sole tie between New York and the transaction, it would probably be unconstitutional for New York to assert jurisdiction. ’ ’ (McKinney’s Cons. Laws of N. Y., Book 7B, 1969-1970 Cum. Annual Pocket Part, pp. 130, 131.)
The facts here illustrate the point perfectly. A lady living in Nassau wanted her son to go to camp in up-State New York. The offices of the corporation owning the camp, for obvious reasons, are located in New York City. The choice of camp obviously having been made, she came to the plaintiff’s office to complete the technical formalities. No other event links the matter with this city.
Surely it would be a strained interpretation indeed to hold, following the words of the Supreme Court in the Hcmson case supra, that the defendant had purposely availed herself of the privilege of conducting activities within New York City, thus invoking the benefits and protections of its laws, of Wirth v. Prenyl, S.A., (29 A D 2d 373).
A second basis for finding against jurisdiction here involves the question of the applicability of the transacting business sections of the long-arm statutes to those whose roles in the activity in question is not profit making or commercial in any way. This troublesome and potentially important area appears to have required very little judicial attention to date, and that has been primarily concerned with the very special set of problems involved in enforcement of separation agreements. More recent cases have tended to disagree with an earlier view that a separation agreement was not a transaction of business since it was not commercial in character. (Cf. Willis v. Willis, 42 Misc 2d 473 with Kochenthal v. Kochenthal, 52 Misc 2d 437.) And it has been persuasively argued that separation agreements are suffused with commercial aspects. (McLaughlin’s Supplemenary Practice Commentary, 1967.) In any event, the very distinct considerations implicit in the matrimonial area seem to me to limit the utility of these cases and views in approaching other kinds of situations.
I begin with the strong view that the words in question—
‘ ‘ Transacts any Business' ’ ’ — clearly embody a distinction between activities that have a business character and other kinds of activities. And implicit in the concept of a business transaction is an attempt to make a profit, directly or indirectly, *565 or more broadly, an activity that is affected with a commercial aspect.
No doubt, the plaintiff here was engaged in a business transaction, but it would seem to me a dubious interpretation and one that would open the way to grave abuses, to conclude that a mother arranging to send her son to camp was transacting business.
In the instant situation, the defendant is a Nassau resident, and the cost of defending this action for $364 in New York City may well not be prohibitive. But suppose the defendant lived in a distant part of the State or even in a different State. Would it make any sense to cast on her the burden of litigation in a remote area as against a business enterprise, for which lawsuits are unwelcome but normal incident of the business?
I am satisfied that the word 11 business ’ ’ in the long-arm statutes has a real meaning, serves a genuine purpose, and should receive a normal unstrained interpretation.
In holding that this defendant was not transacting business in New York City, I am not proposing a rigid, narrow definition that would arbitrarily exclude from its ambit any activity not engaged in for profit. The phrase should be given a flexible and practical construction.
The facts in the Parke-Bernet case (supra) illustrate the point clearly. The opinion does not disclose whether the defendant had sought to buy the paintings for pleasure or as a investment. In my view, it would make no difference. When one engages in a prolonged course of competitive bidding to acquire valuable objects, and ultimately buys two paintings at a total price of $96,000, it would be unrealistic to deny the business character of what occurred, wholly apart from the resale possibilities. The distinction from the instant case is surely clear.
For the reasons set forth, I grant the motion to vacate the service and to dismiss the complaint.