## CIRCUIT COURT OF HENRICO COUNTY

Donna Wells

v.

Robert A. Wells

June 26, 1974

Case No. M-881

By JUDGE E. BALLARD BAKER

On May 1, 1969, Robert A. Wells, the defendant, and Vivian Wells, husband and wife and the parents of Donna Wells, the infant plaintiff, entered into an Agreement relating to their separation. Both were residents of Henrico County at the time. Under the Agreement. Robert A. Wells, in addition to paying child support and other provisions, agreed that he would "provide for his children's college education." On September 17, 1970, the May 1, 1969, Agreement was amended in some respects, but the above-quoted provision remained in full force.

On October 28, 1970, a final decree of divorce was awarded to Vivian Wells in this Court. The Agreements of May 1, 1969, and September 17, 1970, were filed with the divorce papers.

In January, 1971, Robert A. Wells moved to Atlanta, Georgia, where he presently resides.

Donna L. Wells, the infant plaintiff, has been accented as a student at V.P.I.S.U. for the 1974-75 term and, having received no commitment from Robert A. Wells regarding expenses for her college education, has brought this Declaratory Judgment proceeding to determine his responsibility under the May 1, 1969, Agreement.

A motion to Quash Service and a Demurrer have been filed by the defendant, challenging service of process under § 8-81.3, and the declaratory judgment proceeding.

*1. Can service of process be legally obtained in this case under the "Long Arm Statute"? (Va. Code Section 8-81.1 to 8-81.5).*

Section 8-81.2 permits a court to exercise personal jurisdiction over a person who does not reside in Virginia as to a cause of action arising from that person (1) transacting any business in this State, or (2) contracting to supply services or things in this State.

Here, the defendant, now a non-resident, entered into a separation agreement on May 1, 1969, and agreed to many things. One was to provide for the college education of his children. Can Virginia now exercise personal jurisdiction over him in Atlanta, Georgia, with respect to that agreement?

In 20 A.L.R. 3d, at 1201 and 1281, three cases are cited upholding jurisdiction over a non-resident husband on the basis of a separation agreement made in the forum state. These cases, *Kochenthal v. Kochenthal*, 282 N.Y.S. 2d 36; *Van Wagenberg v. Van Wagenberg*, 215 A.2d 812 (Md.); and *Spitz v. Spitz*, Mass. March, 1965, support the position of the plaintiff in holding that the statutes are not limited to commercial transactions. No contrary cases are noted.

Here, the defendant while in Virginia made certain agreements with respect to his wife and his children. The fact that he is in Atlanta, Georgia, when the time for performance of one of those agreements arrives should not remove him from the jurisdiction of this Court under the "Long-Arm Statute." Virginia has as much interest in the enforcement of obligations such as this as it has in enforcement of purely commercial transactions.

The May 1, 1969, Agreement was, in my view, a business transaction within the meaning of § 8-81.2, between Mr. and Mrs. Walls, and Virginia can exercise personal jurisdiction over him with respect to matters arising from that Agreement.

*2. Is a Declaratory Judgment proceeding proper?*

The defendant says that declaratory judgment is not proper because there is no justiciable controversy

between the parties and also takes the position that Section 8-579(7) does not give venue to this Court.

Whether jurisdiction in a declaratory judgment proceeding should be taken is discretionary. Preventive relief is a moving purpose. Plaintiff urges that she has no other remedy at this time, that it would be prejudicial to her to make her wait until the defendant fails to perform, and that she should be permitted to determine what her rights are under the separation agreement prior to any default.

Plaintiff's position is reasonable. As she has been accepted for the 1974-75 session and as the defendant has refused to make any commitment, there appears to be a justiciable controversy between them. Does he have to provide a college education? This is something which goes on beyond September, 1974, and an action against him for costs and expenses as they accrue would not be satisfactory.

There is a question presented as to venue under Section 8-579(7). This section provides that when, "the sole jurisdiction of the court . . ." is that jurisdiction conferred by the declaratory judgment statute, the suit against a non-resident is to be brought where he may be found and served. When, "the court has jurisdiction to hear and determine the cause, exclusive of the jurisdiction conferred . . ." by the declaratory judgment statute, the suit may be brought in the County in which it could otherwise be brought.

It seems to me that the jurisdiction of this Court arises from the fact that defendant executed the May 1, 1969, Agreement and from § 8-81.2. Section 8-81.2 authorizes personal jurisdiction, and under § 8-81.4, the suit may be brought as provided in § 8-38 or in the county the plaintiff resides or the cause of action arose. While there is no allegation that the plaintiff resides in Henrico County, and the May 1, 1969, and September 17, 1970, Agreements appear to have been acknowledged in the City of Richmond, no Plea in Abatement based on that ground has been filed. Consequently, that point cannot now be raised. Va. Code § 8-133; Rule 3:6. In my opinion, the Motion to Quash Service and the Demurrer should be denied and overruled. An order in accord will be entered on submission, with defendant being given a reasonable time to file his Grounds of Defense. Rule 3:7.