OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff husband to dismiss the affirmative defenses contained in the defendant’s answer, and for summary judgment in his favor on the complaint, and cross motion by defendant wife to dismiss the complaint for lack of in personam jurisdiction and because of the pendency of a prior in rem divorce action in New Jersey.
There is no affidavit by the defendant submitted on either application, her counsel taking the position that it is not necessary to argue any factual issues as the essential facts are admitted. (There is a certified statement by the defendant which was submitted to the court in New Jersey annexed as an exhibit to the moving papers.)
The following facts appear from the papers submitted. The parties met in Tangiers in 1954 and came to Greenwich Village to live together in early 1955. Plaintiff’s allegation that at that time they intended to stay in New York City indefinitely is unrefuted. This couple married on August 5, 1956 in Pearl River, New York. They continued to live in New York City until 1957 or 1958 when they left for England where the three youngest of their children were born, the oldest child having been born while they still resided here. The parties separated in 1965 while they were living in *214 London. On January 16, 1971 defendant returned from England and began residing in New Jersey. Sometime in 1972 plaintiff became a resident of this State. On December 21, 1971 in New York City the parties entered into a separation agreement which included a provision that the agreement was to be governed by New York law. Defendant vigorously contests the agreement’s validity. Plaintiff categorically denies defendant’s statements that he in any way forced or coerced defendant into signing the separation agreement.
On September 13, 1978 defendant filed a complaint in the New Jersey courts seeking dissolution of the marriage, custody of the infant children of the marriage (the four children are 23, 19, 18 and 14 years old), alimony, child support, equitable distribution, counsel fees and expenses, and a declaration that the separation agreement is null and void. Plaintiff was served with process in the New Jersey action in New York on October 17, 1978.
On September 27, 1978 defendant’s New Jersey attorney wrote to plaintiff advising him that a New Jersey suit for divorce had been instituted. On October 5 plaintiff’s New York attorney confirmed that information with defendant’s New Jersey attorney by telephone. On the next day this New York action was commenced by personal service on defendant in New Jersey and the separation agreement was filed with the New York County Clerk.
On October 13, 1978 the New Jersey court imposed ad interim restraints (the equivalent of a temporary restraining order) on the plaintiff barring him from proceeding with his New York action for divorce. These restraints were dissolved as of November 14, 1978. On November 20, 1978 defendant answered the New York complaint denying certain allegations and pleading as affirmative defenses jurisdictional defects and the prior New Jersey action.
On December 21, 1978 plaintiff’s motion to dismiss the New Jersey action for lack of personal jurisdiction over him was granted, the court concluding plaintiff was a New York domiciliary, but continuing that action in rem.
The first affirmative defense pleads lack of subject matter jurisdiction and jurisdiction over the parties since neither was a resident at the time the separation agreement was executed and neither was a resident of this State for the continuous period of two years prior to the commencement of the action. The second affirmative defense pleads lack of *215 jurisdiction over the defendant in that she was not served with process in the manner prescribed by law. Defendant’s papers are totally silent as to the subject matter (two years’ continuous residence) or manner of service jurisdictional issues. Plaintiff alleges in his opposition to the cross motion that these issues are no longer before the court as she has abandoned them. By her total silence, the court must agree.
The key issue presented is whether this court has personal jurisdiction over defendant (CPLR 313) or is also relegated to in rem jurisdiction (CPLR 314). There is no question defendant was neither a resident or domiciliary of New York at the time this action was commenced. Plaintiff contends that the separation agreement negotiated and executed in New York (CPLR 302, subd [a], par 1), and his interpretation of CPLR 302 (subd [b]) serve as jurisdictional predicates.
As previously noted, the legality of the separation agreement was an issue raised in the New Jersey litigation. The pleadings in this case do not raise that issue. For the purpose of the following jurisdictional discussion the court assumes the validity of the agreement.
While CPLR 302 expanded the circumstances under which in personam jurisdiction might be obtained, its effect is limited only to the situations enumerated therein (Whitaker v Whitaker, 32 AD2d 595). Moreover, the statute does not reach the constitutional limits of in personam jurisdiction over a nonresident, nondomiciliary defendant (Millner Co. v Noudar, Lda., 24 AD2d 326, 329).
Plaintiff relies primarily upon cases holding that the execution of a separation agreement in New York constitutes the "transaction of business” under CPLR 302 (subd [a]) so as to confer personal jurisdiction over a nonresident defendant. In the leading case in that regard, Kochenthal v Kochenthal (28 AD2d 117, affg 52 Misc 2d 437), an action to recover payments due under a separation agreement, the Appellate Division, Second Department, so held. In reliance thereon, again in an action for payments due, the First Department has adopted the same position (Zindwer v Ehrens, 34 AD2d 906). Consistent therewith that court also found the existence of a sufficient jurisdictional predicate in the execution of a separation agreement in New York, in an action seeking to suspend all support payments. (Bruno v Borak, 52 AD2d 800.)
In Kochenthal (supra, at p 119) the court distinguished *216 " '[t]he contractual nature of a separation agreement * * * from the personal obligations inherent in the status of marriage”’ (citing Van Wagenberg v Van Wagenberg, 241 Md 154, 167 [interpreting New York’s CPLR 302]). The Appellate Division, Second Department, fully agreed with the analysis and reasoning of Special Term (pp 120-121) and quoted extensively from the opinion of the court below (52 Misc 2d 437, supra). Therein Mr. Justice Albert was willing to assume that the particular factual situation in Willis v Willis (42 Misc 2d 473) justified the conclusion that the execution of a separation agreement in New York did not give that court personal jurisdiction over that nonresident, nondomiciliary defendant although he had been personally served with process outside New York. He recognized that the defendant’s nonresident, nondomiciliary status, in Willis at the time the separation agreement was executed might have militated against the exercise of personal jurisdiction based on such an agreement. Thus, while the Second Department disapproved of Willis and two cases which relied on Willis,[1] insofar as they were contrary to the conclusion in Kochenthal, its opinion does not state that the execution of a separation agreement in New York grants to this State’s courts a perpetual right to exercise personal jurisdiction in all matrimonial matters arising between the parties to the agreement. The separate concurring opinion of Mr. Justice Nolan in Kochenthal underscores that the decision on personal jurisdiction was based on "the circumstances disclosed by the record”. (Kochenthal v Kochenthal, 28 AD2d 117, 121, supra.)
In fact CPLR 302 (subd [a]) by its terms only grants personal jurisdiction over a nondomiciliary who "transacts any business within the state” as to causes of action "arising from any of the acts enumerated in this section”. This limitation was recognized in Carmichael v Carmichael (40 AD2d 514) where enforcement of a foreign decree incorporating a New York separation agreement was denied, the court holding that the proceeding did not arise out of the execution of the agreement, distinguishing an action on the agreement itself.
In Zindwer (supra), Bruno (supra), and the other cases which follow Kochenthal,[2] the actions were essentially con *217 tract claims arising from the separation agreement. In the present case the plaintiff is not seeking contractual remedies or relief. Rather plaintiff seeks to incorporate the separation agreement in a judgment of divorce.
In a conversion action for divorce under subdivision (6) of section 170 of the Domestic Relations Law, as at bar, the function of the separation agreement is merely to authenticate the separation (Christian v Christian, 42 NY2d 63). Therefore the cause of action does not arise from the separation agreement but from the fact of living separate and apart. Living separate and apart is not the transaction of any business which is required for the exercise of jurisdiction under CPLR 302 (subd [a], par 1). Even if it were, at bar it would not provide a basis for personal jurisdiction over a party whose act of living separate and apart occurred outside New York, as did defendant’s. Therefore, while CPLR 302 confers personal jurisdiction in matrimonial actions sounding in contract it does not confer personal jurisdiction in this matrimonial action. (See Renaudin v Renaudin, 37 AD2d 183; Whitaker v Whitaker, supra.)
CPLR 302 (subd [b]) does not apply to the present case because (1) there is no demand for support or alimony in this proceeding and furthermore (2) the party who is entitled to support under the separation agreement is not a resident or domiciliary of New York. The construction urged by plaintiff and the alleged legislative intent, as contained in an affidavit submitted by an expert in the field, is not persuasive. It may well be that it was the over-all intent of the Legislature by enacting CPLR 302 (subd [b]) to consolidate all issues between parties into one action but the very language used renders the statute inapplicable to the facts presented at bar.
That portion of a divorce action which fixes the obligations of the parties, whether by incorporation of a separation agreement or otherwise, is a proceeding in personam. (Renaudin, supra.) Therefore insofar as plaintiff’s motion for summary judgment seeks to incorporate the separation agreement in a judgment for divorce this court lacks personal jurisdiction over defendant.
The separation agreement exists as a contrdct independent of any decree. (Underwood v Underwood, 92 Misc 2d 359.) Therefore plaintiff may continue to rely on the separation agreement to define the obligations between the parties to the same extent as before bringing this action. Incorporating the *218 separation agreement in a judgment of divorce would have only served to provide additional remedies for its enforcement. Where as in this case there is no allegation that defendant has breached the agreement the absence of additional remedies is of small consequence.
In New Jersey a civil action is commenced by filing a complaint with the court. (Raskulinecz v Raskulinecz, 141 NJ Super 148; Rules Governing the Courts of State of New Jersey, rule 4:2-2.) Questions of how and when a sister State action is commenced are determined on the basis of that State’s procedural law. (Merritt-Chapman & Scott Corp. v Mutual Beneñcial Life Ins. Co., 237 App Div 70, 74.) Therefore the New Jersey action has priority in time over this New York action which was commenced October 6, 1978, although service of the summons and complaint in the New Jersey action was not accomplished until October 17, 1978.
Although the New Jersey divorce action was commenced first and CPLR 3211 (subd [a], par 4) allows for dismissal "on the ground that * * * there is another action pending between the same parties for the same cause of action in a court of any state”, the granting of such a motion is discretionary. In determining whether such discretion should be exercised the court looks to the greater interest in and contacts with this litigation as between New Jersey and New York. The parties were married here and lived as husband and wife for two years thereafter. Their eldest child was born here. The contacts with New York are at least as significant as those with New Jersey. Therefore defendant’s cross motion to dismiss the cause of action for divorce is denied as to the in rem portion of the divorce action.
Plaintiffs motion to dismiss defendant’s affirmative defenses is granted except as to defendant’s defense of lack of personal jurisdiction.
The final issue before this court is that portion of the plaintiffs motion for summary judgment which seeks a divorce. As hereinabove indicated at length the residue of in rem jurisdiction empowers this court to grant plaintiff a divorce. Although the pleadings in this case raise an issue of the plaintiffs” substantial compliance with the separation agreement, there was no affidavit submitted on these motions by the defendant. The court suspects under the circumstances presented that the defendant was reluctant to submit on the merits for fear of in some way jeopardizing her jurisdictional *219 defenses. This court does not believe that defendant would be submitting herself to the personal jurisdiction of this court if she opposed the motion for summary judgment for divorce on the merits in view of the finding of the court herein made that it has no personal jurisdiction over her. Accordingly, the court holds the balance of the motion in abeyance for a period of 20 days following the date hereof to afford defendant that opportunity. If she declines to do so plaintiff’s motion for summary judgment granting him a divorce must be granted.
The defendant’s preference for the jurisdiction of the courts of New Jersey may well have been predicated on the availability of equitable distribution to her in that State. The parties, however, find themselves in a jurisdictional "Catch-22” situation in view of the findings by both this court and the New Jersey court. In view of this situation defendant may be advised to litigate in New York both plaintiff’s entitlement to a divorce, the validity of the parties’ separation agreement and all other issues between them. This may be the only solution to the quandary that the parties find themselves in. In view of these unique circumstances, and in view of the fact that plaintiff cannot obtain complete relief in New York and defendant cannot obtain complete relief in New Jersey, defendant may also wish to voluntarily submit to the jurisdiction of this court by serving an amended answer waiving any jurisdictional defenses and interposing any counterclaims therein that the defendant may choose to assert.

. Durgom v Durgom, 47 Misc 2d 513; Morris v Morris, NYLJ, Dec. 7, 1966, p 16, col 3.

. Underwood v Underwood, 92 Misc 2d 359; Kassuto v Yalon, 77 Misc 2d 132; Matter of Lawrenz v Lawrenz, 65 Misc 2d 627.