[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 25, 1994, the plaintiff Francis J. Testa initiated this action, alleging a breach of a settlement agreement from a prior lawsuit between the parties. The plaintiff alleges that, while acting in the capacity of temporary administrator for the Estate of Madlyn C. McCann ("the estate"), he initiated a prior lawsuit against the defendant; John E. Lawlor, Testa v. Lawlor
Superior Court, Judicial District of Waterbury, Docket No. 093217; which was subsequently settled by the agreement of the parties. Pursuant to the settlement agreement, the defendant was to pay the plaintiff a sum of money, the plaintiff was to withdraw as administrator of the estate in favor of the defendant, and the plaintiff was to withdraw that lawsuit. The plaintiff withdrew the suit and with drew as administrator of the estate, allowing the defendant to be appointed administrator. However, the defendant has not paid any money in accordance with said agreement. The plaintiff alleges that the defendant appeared and testified in court in the prior action, and the agreement to settle and withdraw the case was negotiated and entered into in Connecticut.
It is undisputed that the defendant, now and at the time of the initiation of the present lawsuit, is a Florida resident. CT Page 10411 The plaintiff alleges that the court has personal jurisdiction over the defendant by virtue of General Statutes § 52-59b.[1] The defendant moves to dismiss the complaint, arguing that the Connecticut courts lack personal jurisdiction over him because the facts alleged in the complaint do not support a basis for a finding that the defendant "transact[ed] any business" under General Statutes § 52-59b(a).
The motion to dismiss is the proper vehicle to challenge personal jurisdiction. Practice Book § 143; Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687 490 A.2d 509
(1985).
 . . . [A] challenge to personal jurisdiction involves a two-part inquiry. Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 624, 548 A.2d 758 (1988). "The first inquiry is whether the applicable state long arm statute authorizes the assertion of jurisdiction over the [defendant]; and, if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process." Id.; Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). The plaintiff bears the burden of establishing facts pertaining to personal jurisdiction. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983); Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983); Chevette v. U-Haul Co. of New Mexico, 7 Conn. App. 617, 621, 510 A.2d 206 (1986).
 Connecticut courts may assert personal jurisdiction a nonresident defendant under General Statutes § 52-59b(a)(1), as long as that defendant transacts business within the state. The term "transacts any business" has been construed to embrace "a single purposeful business transaction." Zartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 157 (1981). In determining whether [a defendant's] contacts constitute the transaction of business within the state, we do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the relevant factors. Id., 477. CT Page 10412
Gaudio v. Gaudio, 23 Conn. App. 287, 298-99, 580 A.2d 1212
(1990). As noted by the Supreme Court,
 [t]he General Statutes do not define what the phrase "transacts any business" means in the context of § 52-59b. We note, however, that in enacting § 52-59b, the legislature used New York Civil Practice Law § 302 (McKinney 1980-81 Sup.) as a model. . . . We therefore find pertinent the judicial interpretation given to that New York statute. . . . In accord with that interpretation, we construe the term "transacts any business" to embrace a single purposeful business transaction. . . .
 The term "transacts any business" extends' beyond typical commercial enterprise . . . . See . . . Kochenthal v. Kochenthal, 28 App.Div.2d 117, 119, 282 N.Y.S.2d 36 (1967) (execution of a separation agreement).
(Additional citations omitted.) Zartolas v. Nisenfeld,184 Conn. 471, 474-75, 440 A.2d 179 (1981) (execution of warranty deed in Iowa to convey real property located in Connecticut satisfied definition of "transact[ing] any business" under General Statutes § 52-59b). In Kochenthal v. Kochenthal, supra,282 N.Y.S.2d 36 — which was cited by the Connecticut Supreme Court in Zartolas — the appellate division of the New York Supreme Court held that the execution of a separation agreement in New York, which settled a dissolution matter pending in the New York court, was sufficient to confer jurisdiction over the nonresident defendant in a subsequent action to enforce the separation agreement in the New York courts. In holding that the execution of the separation agreement satisfied the definition of transacting business under New York's long arm statute, the court noted that a
 [separation] agreement . . . is a legal act of the most serious nature . . . . The agreement . . . employs terms and deals with matters commonly associated with business. . . . [T]he agreement itself involved financial affairs. . . .
 The term `transaction of any business' is generic and vague. . . . . [T]he statute . . . is not limited in terms to commercial transactions nor does it contain CT Page 10413 an exclusion of transactions not entered into for profit.
(Additional internal quotations marks omitted.) Kochenthal v.Kochenthal, supra, 282 N.Y.S.2d 39, quoting Van Wagenberg v. VanWagenberg, 241 Md. 154, 215 A.2d 812 (1966).
In the present case, in this court's opinion, the conduct of the defendant, in entering an agreement to settle a lawsuit pending in the Superior Court of Connecticut, in which he had personally appeared and testified, satisfies the definition of "transacting any business" in Connecticut. Similar to a separation agreement, an agreement to settle a lawsuit is a serious legal act, submitting the party to rights and liabilities. In addition, the present agreement settled a dispute concerning a Connecticut estate. The agreement involved financial matters, as well as the appointment of the defendant as administrator over a Connecticut estate, a position that the defendant still holds.
As noted above, in determining whether a defendant's contacts constitute the transaction of business, the courts are to balance considerations of public policy, common sense, and the chronology and geography of the relevant factors. Zartolasv. Nisenfeld, supra, 184 Conn. 477. Although the defendant does reside in Florida, this factor, when balanced against the factors outlined above, does not militate against a finding of personal jurisdiction. In addition, it is the public policy of this state to promote the settlement of litigation without trials. See Gillis v. Gillis, 21 Conn. App. 549, 554,575 A.2d 230 (1990) (citing General Statutes § 52-192a). To hold that the Connecticut courts lack personal jurisdiction over a defendant in an action to enforce a settlement agreement entered into and negotiated in this state, which is dispositive of rights and liabilities of residents of this state and concerns the subject matter of a Connecticut estate would be contrary to Connecticut's public policy of promoting the settlement of litigation without trial. The previous lawsuit between the parties' trial commenced in this court and was resolved prior to its conclusion by a settlement agreement entered into by the parties as previously stated herein.
Accordingly, this court finds that the defendant's contacts with Connecticut do constitute the "transaction of any business" for the purposes of General Statutes § 52-59b and, therefore, CT Page 10414 this court has personal jurisdiction over the defendant by virtue of General Statutes § 52-59b.
The next inquiry is whether the same factors that confer jurisdiction under General Statutes § 52-59b satisfy the minimum contacts requirements of the due process clause. Gaudio v.Gaudio, supra, 23 Conn. App. 298.
 "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.' World-Wide Volkswagen Corporation v. Woodson, [444 U.S. 286 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)]; International Shoe Co. v. Washington, 1326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945)]; Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940)." Frazer v. McGowan, supra, 252.
Gaudio v. Gaudio, supra, 23 Conn. App. 299. Due process requires a determination of whether the defendant purposely availed himself to the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws, to the extent that the defendant should reasonably anticipate being haled into court in that forum. See BurgerKing Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174,85 L.Ed.2d 528 (1984).
In the present case, although the defendant did not initiate the prior lawsuit, he did choose to negotiate and enter into the agreement in Connecticut. Pursuant to the agreement, he incurred rights and liabilities in Connecticut which were controlled by Connecticut law. See Williams v. State Farm MutualAutomobile Ins., 229 Conn. 359, 366, ___ A.2d ___ (1994) ("The usual rule is that a contract is to be construed according to the law of the place where the contract was made."). As noted above, the purpose of the agreement was to settle a lawsuit pending in Connecticut in which the defendant had appeared, testified and actively defended his rights. Accordingly, the defendant has purposefully availed himself to the benefits and protections of the laws of Connecticut. Under these circumstances, requiring the defendant to defend himself in CT Page 10415 Connecticut does not offend traditional notions of fair play and substantial justice. Gaudio v. Gaudio,23 Conn. App. 298, 299. The court's exercise of jurisdiction over the defendant in accordance with General Statutes §52-59b does not violate due process. Accordingly, the defendant's motion to dismiss is denied.
WILLIAM J. SULLIVAN