ELIZABETH N. F. RASCHITORE, Plaintiff, *v.* OSWALD E. FOUNTAIN et al., Defendants.

Supreme Court, Monroe County, December 27, 1966.

*Thomas G. Presutti* for plaintiff.

DANIEL E. MACKEN, J.   On November 27, 1964, plaintiff and defendant Oswald Fountain, then residents of the State of New York, entered into a separation agreement which *inter alia* provided that the defendant husband have custody of their children with liberal visitation rights to plaintiff.   It was further provided that plaintiff convey her interest in the jointly owned home of the parties to her husband and that he have all of the household furniture and furnishings.   On December 8, 1964 plaintiff obtained a decree of divorce from the defendant Oswald Fountain in the State of Chihuahua, Mexico.   By the decree the agreement was approved and incorporated by reference and, although not so provided in the agreement, the decree provided that the agreement be not merged but survive the decree.

Following the divorce, the husband married the defendant Mary Fountain, sold the house and, with the children, moved to Florida, where he resided when the action was commenced by personal service on the defendants in Florida pursuant to CPLR 302.   The defendants did not appear and the matter came before me to take proof in support of a default judgment. Preliminarily, and before presenting evidence, counsel asked me to determine the effectiveness of the service and to that end, has submitted to me the summons and complaint, separation agreement, and divorce decree.   Plaintiff has abandoned the cause of action alleged against the defendant Mary Fountain and I am therefore concerned only with service on Oswald Fountain.

Plaintiff contends that service was properly made under CPLR 302 (subd. [a], pars. 1, 2, 4).   With respect to paragraph 4, it is conceded by plaintiff that at the time of the service, defendant did not own, use or possess real property within the State.   With respect to paragraph 2, plaintiff alleges that by removing the children to Florida, defendant breached the agreement in that he " frustrated her right to visit with her children " and that the alleged breach constituted a " tortious act ".   With the possible exception of injury or damage claims based on products liability arising from express or implied warranty (see concurring opinion of VAN VOORHIS, J., in *Singer* v. *Walker,* 15 N Y 2d 443, 468, 469), I have found no case holding that breach of an express contract constitutes a " tortious act " within the contemplation of the statute.

The complaint also alleges that plaintiff was fraudulently induced to make the agreement in that at the time of its making defendant, unknown to plaintiff, had arranged to remove the children from the State and, thus, for practical purposes, deprive her of the exercise of visitation rights.   While this

might be a sufficient allegation of a tortious act, plaintiff does not seek to rescind or reform the agreement but, on the contrary, in her prayer for relief, asks for its specific enforcement with respect to visitation rights and, to that end, asks that the defendant be required to return the children to the State of New York. It is thus apparent that the relief sought is based not on the alleged fraud but on the agreement, and service may not be predicated on CPLR 302 (subd. [a], par. 2). (*Longines-Wittnauer* v. *Barnes & Reinecke*, 15 N Y 2d 443, 452; CPLR 302, subd. [b].)

With respect to paragraph 1, while it has been held that the making of a separation agreement does not constitute the transaction of business because '' the intendment and contemplation of the verbiage was in respect to transactions being a business — a commercial aspect '' (*Willis* v. *Willis*, 42 Misc 2d 473, 475), in the light of later decided cases, I am not convinced of the validity of this conclusion. I find it unnecessary, however, to determine the jurisdictional question since I believe that in the light of the complete agreement which must be considered part of the complaint, the complaint fails to state a cause of action.

The agreement places no restriction on the place of residence of either of the parties and, on the contrary, specifically states '' each of the parties may live in such place or places as he or she may from time to time choose and deem fit as if he or she were unmarried ''. It further provides that '' it is further understood and agreed by and between the parties that the party of the first part (plaintiff) shall receive no support inasmuch as *it is her desire to leave the marital domicile* ''. It is not alleged that plaintiff has attempted to exercise her visitation rights and been refused. In these circumstances, I conclude, as a matter of law, that plaintiff may not obtain the relief sought and the complaint must be dismissed.