T. Paul Kane, J.
Plaintiff wife moves for temporary alimony and counsel fees in an action for separation (Domestic Relations Law, §§ 236, 237). A cross motion has been made by the defendant husband for an order dismissing the primary motion upon the ground that in personam jurisdiction was not obtained over the defendant by personal service in the State of Florida.
The parties were married on February 2,1961. There are no children of the marriage. In recent years certain difficulties were encountered when, according to the plaintiff wife, her husband was keeping company with another woman. The plaintiff claims that defendant abandoned her on or about *626 June 24,1967. In the year 1968 the summons and complaint were served personally upon the defendant in the State of Florida. In support of his cross motion the defendant has submitted convincing proof that he in fact was no longer a resident of the State of New York at the time he was served in the State of Florida. It appears that on June 2, 1967, he left for Florida, and, aside from a return to this State on June 24,1967, at which time he removed his remaining personal belongings from the home of his mother, he has been residing and still does reside in the State of Florida. The' several affidavits and documents force this conclusion.
The plaintiff attempts to utilize the u long-arm ” statute (CPLE 302) to perfect personal jurisdiction over the defendant. CPLE 302, however, is quite specific in delineating those cases in which personal jurisdiction may be obtained of nondomieiliaries. None of the four subdivisions thereunder are applicable to an effort to obtain alimony and counsel fees despite the fact that the court has jurisdiction over the marital res. The weight of authority appears to be that even where the parties have entered into a separation agreement in New York State, the same will not be considered a transaction of business so as to make available CPLE 302 (subd. [a], par. 1) when one of the parties removes from this State (Raschitore v. Fountain, 52 Misc 2d 402; Willis v. Willis, 42 Misc 2d 473).
Accordingly, the primary motion is denied and the cross motion is granted.