Evans V. Bbewsteb, J.
The petitioner former wife herein has initiated this proceeding pursuant to article 4 of the Family Court Act seeking the enforcement of a divorce decree dated September 19,1968 of the First Civil Court, District of Bravos, State of Chihuahua, Republic of Mexico. Further, pursuant to section 429 of the Family Court Act, petitioner seeks an order of sequestration attaching certain real property located in the Town of Yorktowm Heights, State of New York, held by the parties as tenants in common. Petitioner resides in the County of Westchester, State of New York, and respondent lives and is employed in the State of Colorado.
On November 13, 1970, petitioner served a copy of her enforcement petition upon respondent by mail at his last known address in Denver, Colorado. On November 18,1970, petitioner served upon respondent, by air mail at the foregoing Denver address and to respondent’s place of business in Denver, an order to show cause dated November 16, 1970, returnable November 30, 1970. The order compelled respondent to show cause why said real property should not be sequestered, why the execution of a deed to the same should not be authorized, and why a sequestrator should not be appointed to hold respond *628 ent’s share of the proceeds of such sale pending further order of court.
On November 30, respondent appeared by counsel who entered a special appearance to contest the jurisdiction of this court in the enforcement proceeding. The matter was adjourned for submissions as to the issue of jurisdiction and for arraignment of the respondent upon the enforcement petition. Full submissions having been made, the court now proceeds to a decision on the question of jurisdiction.
Respondent contends that he is domiciled in the ¡State of Colorado and, therefore, is not subject to the service of New York Family Court process. Respondent bases his contention upon section 154 of the Family Court Act. Petitioner strenuously asserts that respondent has not proven his domicile in Colorado. The court finds that respondent lives in Colorado, Avorks in that State, has evinced an intention to remain therein and has no intention of returning to New York. He therefore is a domiciliary of the State of Colorado.
Section 154 of the Family Court Act states: 1 1 The family court may send process or other mandates in any matter in which it has jurisdiction into any county of the state for service or execution in like manner and with the same force and effect as similar process or mandates of county courts as provided by law.”
Section 154 is inapplicable to the instant proceeding as intrastate process is not available to petitioner. However, petitioner is not denied the process procedures of this court by reason of the inapplicability of section 154. The petitioner must look to section 165 of the Family Court Act for authority to invoke the process of this court. Section 165 provides as follows:
‘ ‘ Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved. ’ ’
Perhaps anticipating a finding that respondent is a domiciliary of Colorado and that section 165 vests the court with the rules and procedures of the CPLR upon a determination *629 of the applicability of that section, petitioner bases her assertion of jurisdiction upon CPLB 302 (subd. [a], par. 1) which provides as follows: ‘ ‘ Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
“1. transacts any business within the state; or”. (As amd. by L. 1966, ch. 590, eff. Sept. 1, 1966.)
On September 11, 1968, the parties herein, who at that time were both domiciled in the State of New York, executed a 13-page separation agreement within this State covering, inter aUa, the questions of personal and real property, custody of the two minor issue of the marriage, visitation, support and maintenance of the wife and children, tax treatment and medical and life insurance policies. It was this agreement which was incorporated, but not merged, in the decree of divorce dated September 19, 1968.
The two fundamental questions for determination may be summarized as follows:
First: Is CPLB 302 applicable to the Family Court?; and
Second: Does the execution of a separation agreement within the State of New York constitute a “ transact (ion) of business ” within CPLB 302 sufficient to vest jurisdiction in New York courts?
Although the question of the applicability of CPLB 302 to proceedings before the Family Court appears to be one of first impression in this jurisdiction, such application is mandated by section 165 of the Family Court Act upon compliance with the requirements of section 165. The court finds that CPLB 302 is available to litigants in the Family Court. The court having found the governance of section 165 in the instant proceeding, the court holds that litigants in the Family Court may avail themselves of the ‘ ‘ long-arm ’ ’ provisions of CPLB 302.
Before the benefits and protection of the “ long-arm ” provisions of CPLB 302 can be invoked, the transaction of business within the State must be a purposeful activity. (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443.)
Unlike a single transaction contract which imposes no duties and responsibilities upon the parties to be performed in the future, the separation agreement executed by the petitioner and respondent on September 11, 1968, imposes present and future requirements upon each party with respect to custody, visitation, maintenance of medical and life insurance policies, *630 support and other continuing obligations. Although not unique in its future and continuing provisions, the separation agreement executed by the parties does alert the parties to the possibility of future court interpretation. The execution of such an agreement is of such magnitude as to constitute a “ purposeful activity ”.
In Willis v. Willis (42 Misc 2d 473, 475) the Supreme Court, New York County, held that it was “ not persuaded that the word ‘ business ’ as used in 302 can be construed to encompass the execution of a separation agreement, but, rather, that the intendment and contemplation of the verbiage was in respect of transactions being a business — a commercial aspect ’ ’. However, this view of CPLB. 302 has subsequently been rejected by other courts. In Todd v. Todd (51 Misc 2d 94, 96) the Nassau County Supreme Court found, in dictum, that “There may well be a basis for maintaining the action in New York, for the separation agreement was apparently entered into in New York
In Raschitore v. Fountain (52 Misc 2d 402, 404) it was held, once again in dictum, by the Supreme Court, Monroe County, that “while it has been held that the making of a separation agreement does not constitute the transaction of business because ‘ the intendment and contemplation of the verbiage was in respect to [sic] transactions being a business — a commercial aspect ’ [citing Willis, supra], in the light of later decided cases, I am not convinced of the validity of this conclusion. I find it unnecessary, however, to determine the jurisdictional question ”.
In Kochenthal v. Kochenthal (52 Misc 2d 437, 439, 441, 443) the Nassau County Supreme Court was confronted with a set of facts nearly congruent with those obtaining herein: “both parties in this action were residents and domiciliaries of New York over a period of years prior to and at the time when the separation agreement was made; they had an infant son of the marriage in this State; the terms of the separation agreement show no indication on the part of either of the parties at the time of the agreement of an intention to remove from the State of New York in the foreseeable future; the fruits of the agreement, by its terms were to be performed in the State of New York in the form of payments for alimony and support to the wife and for the support and education of the child of the marriage, and visitátion by the defendant father with his infant son in this State * * *
*631 “ Although some legal commentators are inclined to believe that an agreement between a husband and wife does not constitute doing business in this State pursuant to CPLR. 302 (subd. [a], par. 1), I disagree. * * *
“ I do not hold to the belief that the statute in question must be so narrowly construed as to be applicable only to pecuniary transactions of a commercial nature. It seems to me that the term ‘ business ’ should not necessarily be limited to commerce among the States and thus be applicable only to people and corporations engaged in pecuniary gain. * * *
“ there is involved in this litigation more than just an ‘ isolated transaction but rather a contract which was made in this State and which is only an ‘ incident in a complex domestic situation which involves the responsibility of the defendant as the head of a family, over a long period of time ’; and which is a continuing situation. I, too, believe that ‘ there is a strong social interest in the security of family life ’ and that the law which permits the jurisdiction of the courts of New York to be extended over a nondomiciliary who ‘ transacts business ’ in this State should be interpreted to permit the courts of this State to extend equal jurisdiction over one whose status and legal responsibilities in this State are continuous.”
The Appellate Division, Second Department (28 A D 2d 117, 121) affirmed Kochewthal (supra) on appeal and stated, mter alia, “ I conclude that a separation agreement, executed in New York, is within the ambit of CPLR 302 (subd. [a], par. 1), and that a summons served upon a nondomiciliary party thereto, outside the State of New York, confers jurisdiction of his person upon the New York court. * * * Insofar as Willis v. Willis (supra) * * * are to the contrary, they are disapproved.”
The court finds that the execution in New York of a separation agreement, particularly one as broad and far-ranging as the instant agreement, confers the requisite personal jurisdiction upon New York courts as a transaction of business under CPLR 302 (subd. [a], par. 1).
Therefore, the answer to the foregoing second question must be framed in the affirmative. CPLR 302 does properly vest this court with personal jurisdiction over a nondomiciliary respondent in a cause of action arising out of a separation agreement executed in this State when said agreement was subsequently incorporated into a decree of divorce which a petitioner seeks to enforce.
*632 The respondent having engaged in a purposeful activity while domiciled in New York State so as to bring the parties within the ambit of CPLR 302, the jurisdiction of the New York court shall continue even though respondent should change his domicile. (O’Connor v. Wells, 43 Misc 2d 1075; Tebedo v. Nye, 45 Misc 2d 222; State v. Davies, 24 A D 2d 240.)
We now reach the question of the validity of the service of process effected upon respondent of the enforcement petition. CPLR 308 and CPLR 313 direct the manner in which service of process must be made upon the respondent. Petitioner erred in availing herself of service by mail, not having first diligently attempted personal service upon respondent in Colorado. Absent such unsuccessful attempt and further absent an order of this court pursuant to CPLR 308 (subd. 5) providing for a manner of service other than personal service, service by mail of process upon the respondent was defective.
Despite having concluded that the court is unable to proceed upon the enforcement petition until such time as petitioner cures her defective service, the order of sequestration which petitioner seeks is not thereby barred, nor has it been contested by respondent. The facts herein fall within the purview and contemplation of section 429 of the Family Court Act as there is a proper petition pending before this court. No notice to the respondent is required by section 429 prior to the issuance of an order of sequestration. A proceeding is considered pending in this court when a petition has been filed with the Clerk.
Accordingly, the petition for an order of sequestration is granted. Counsel for the petitioner and counsel for the respondent are appointed joint receivers to take into their possession and control the interest of respondent in and to premises at 436 Bonnie Court, Yorktown Heights, New York. The joint receivers are authorized to sell and convey respondent’s interest in and to said real property. Respondent’s portion of the proceeds from said conveyance, after deduction for his share of the expenses of said conveyance, shall be held by the joint receivers pending further order of this court.
Counsel for the petitioner former wife has made application, pursuant to section 438 of the Family Court Act, for an award of counsel fees for legal services to date. The application is denied at this time with leave to renew upon completion of the proceedings herein.