Simon J. Liebowitz, J.
Defendant moves pursuant .to paragraph 8 of subdivision (a) of CPLR 3211, for judgment dismissing the complaint, on the ground that the court does not have jurisdiction of the person of the defendant. Plaintiff cross-moves for an order directing the entry of default judgment by reason of the defendant’s failure to answer.
This action was commenced iby the personal service of a summons and complaint on the defendant in Ohio, on November 13, 1973, alleging in part that defendant has failed since 1967 to make the- .stipulated payments for the support of the infant issue, pursuant to a separation agreement executed by the parties in 1962 in New York City. There is no dispute as to the service. By letter, dated December 26, 1973, plaintiff extended defendant’s time to answer to January 10, 1974. The instant motion to dismiss ¡was made by ¡motion dated January 10, 1974.
*133 Plaintiff and defendant were married on September 16, 1956 and resided in New York ,City. There is one issue of the marriage. The parties thereafter separated and defendant moved to Washington, D. C. On April 12,1962, a separation agreement was entered into and executed in New York City. Provision was made for the support ióf the issue to the extent of $45 per month, with provision for an increase in payments should the defendant’s gross income exceed $6,000 for any taxable year. Plaintiff waived any and all claims for alimony and her support. In 1968, defendant moved to Cleveland, Ohio, where he presently resides.
Defendant asserts that the execution of a separation agreement in New York does not constitute a transaction of business in New York sufficient under the long-arm statute (CPLR 302) to subject him to the personal jurisdiction of the court. This contention runs contra to the holding in Kochenthal v. Kochenthal (28 A D 2d 117), in which the court determined that the provisions of subdivision (a) of CPLR 302 apply with equal effect to a separation agreement as it does to a commercial transaction and thus service outside the State of New York on a nondomiciliary party to a separation agreement executed in New York confers jurisdiction of his person in the New York courts.
The defendant urges that the holding in Matter of Carney v. Isaac (33 N Y 2d 768) overrules Kochenthal. The Court of Appeals in Carney affirmed without opinion, as did the Appellate Division (40 A D 2d 954) the determination of the Family Court (52 Misc 2d 437) in dismissing thé petition before it. A separation agreement providing for child support had been executed in New York. It was incorporated but not merged into a Mexican divorce decree. Petitioner thereafter brought a proceeding under subdivision (b) of section 461 of the Family Court Act to enforce and increase child support. Personal service was effected upon the respondent in New Jersey.
Examination of the record on appeal in Matter of Carney v. Isaac (supra) revealed that-the Family Court was a court of limited jurisdiction without power to enforce separation agreements. Furthermore, while subdivision b of section 451 of the Family Court Act empowered the court to enforce the support provisions contained in the divorce decree, it did not give the court jurisdiction of the respondent residing out of New York State.
It is thus evident that nothing stated in Kochenthal has been overruled. Accordingly, applying the rule as stated in Kochen *134 thal, the court determines that it has jurisdiction of the person of the defendant.
Turning to the plaintiff’s motion to enter a default judgment because of defendant’s failure to interpose an answer within the time extended by letter, it is well to consider subdivision (f) of CPLR 3211 which provides as follows: ‘ ‘ Extension of time to plead. ¡Service of a notice of motion under .subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense -sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order.”
On the last day to ,serve a responsive pleading, the defendant initiated this motion to dismiss under paragraph 8 of subdivision (a) of CPLR 3211 thus bringing himself within the purview of subdivision '(f) of CPLR 3211.
Accordingly, the defendant’s motion and the plaintiff’s cross motion are ¡both denied. Defendant shall serve his answer 10 days after service of a copy of the order with notice of entry. -