*361 OPINION OF THE COURT
Anthony J. Cerrato, J.
This is an action to recover, among other things, moneys due and owing under a stipulation entered into in open court here in White Plains, New York, on September 3, 1975. Defendant, a California resident, moves to dismiss the complaint on the grounds that this court lacks personal and subject matter jurisdiction.
THE FACTS
Plaintiff and defendant were married in California but resided together here in Westchester County from 1963 to 1973 when defendant left the marital home. He apparently returned to California in early 1975 where he has since resided. The parties were judically separated pursuant to a decree of this court dated November 13, 1975.* Significantly, some time prior to said decree, the parties, while represented by counsel, entered into a stipulation on the record in open court on September 3, 1975 (before the Honorable Alvin R. Ruskin) with respect to finances, property settlement, custody and other related aspects of their marital relationship. Though incorporated in the separation decree the stipulation by its very nature and by virtue of the specific language employed in the afore-mentioned stipulation did not merge in the decree of separation. Since the entry of the foregoing decree, defendant has reduced his payments to a level commensurate only with so much of the New York separation decree as was "established” as a "judgment” of the California Superior Court.
The action before the court was brought by plaintiff to recover the contract amount of support for which defendant is obligated under the nonmerged open-court stipulation of September 3, 1975, crediting defendant for such payments as he made in accordance with the California decree. In addition, based on that same agreement, plaintiff seeks recovery of: (a) unpaid counsel fees in the sum of $2,500 as required under the stipulation, said sum having become due no later than *362 September 3, 1976; (b) $6,850 to have been returned to certain bank accounts maintained for the benefit of the parties’ infant issue; (c) counsel fees incurred in connection with this lawsuit under the authority of Fabrikant v Fabrikant (19 NY2d 154).
By notice of motion dated March 31, 1977, defendant moved to dismiss the complaint for lack of personal and subject matter jurisdiction (CPLR 3211, subd [a], pars 2, 8). In substance, defendant asserts that the "long-arm” provisions of CPLR 302 are inapplicable to this action, and that the California divorce decree effected a "modification” of plaintiff’s contract rights under the nonmerged agreement of September 3, 1975.
ISSUES
The main question posed on this motion is whether, under the circumstances herein, a New York court can obtain in personam jurisdiction (under CPLR 302, subd [a], par 1, or subd [b]) over a defendant who was a nonresident, nondomiciliary at the time of the commencement of this action on the stipulation for moneys due. Other questions raised are whether there has been such a modification by the California court so as to preclude the within action, and if not, whether or not an award of counsel fees can be made to plaintiff to enforce her rights under the stipulation.
DEFENDANT IS SUBJECT TO IN PERSONAM JURISDICTION UNDER CPLR 302 (SUBD [a])
 Though concededly a California resident at the inception of this lawsuit, defendant of course may be subject to the full in personam jurisdiction of this court if one or more of the so-called "long-arm” provisions of CPLR 302 is present.
CPLR 302 (subd [a]) provides, among other things, that a nondomiciliary defendant may be subject to the personal jurisdiction of the court as to any cause of action arising from such act if, in person or through an agent, he "transacts any business within the state” (CPLR 302, subd [a], par 1). Clearly, it has now been long recognized and established, at least in this jurisdiction, that the negotiation and execution of a matrimonial agreement constitutes "transaction of business” for purposes of the statute. In Kochenthal v Kochenthal (28 AD2d 117, 121) Mr. Justice Benjamin, writing for the court, *363 stated: "I conclude that a separation agreement, executed in New York, is within the ambit of CPLR 302 (subd. [a], par. 1), and that a summons served upon a nondomiciliary party thereto, outside the State of New York, confers jurisdiction of his person upon the New York court.” (To the same effect, see, Zindwer v Ehrens, 34 AD2d 906; Matter of Lawrenz v Lawrenz, 65 Misc 2d 627; and Kassuto v Yalon, 77 Misc 2d 132; MacGilvray v MacGilvray, 53 AD2d 688; contra Whitaker v Whitaker, 56 Misc 2d 625, affd 32 AD2d 595.)
While the stipulation at bar dealt solely with the financial, property and custodial aspects of the parties’ marriage (their legal "separation” having been brought about by judicial decree) such fact is not as defendant contends, dispositive as to the applicability of the statute, and indeed, the open-court stipulation here should be considered an agreement. (See Bond v Bond, 260 App Div 781; Martin v Martin, 63 Misc 2d 530.) As plaintiff so aptly notes, it is the fact of the agreement and the purposeful acts of defendant in relation thereto, rather than the mere nature of the agreement, which is crucial. As was noted in the concurring opinion of Mr. Justice Nolan in Kochenthal v Kochenthal (supra, p 121): "The execution of the separation agreement, and the negotiations which preceded it, involving as they did the property rights and the financial affairs of the parties, constituted the transaction of business, within the meaning of the statute.” (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443.)
Defendant vainly cites two commercial cases in the Federal courts for the proposition that defendant’s execution of the subject marital stipulation will not sustain long-arm jurisdiction. However, defendant’s reliance on United States v Montreal Trust Co. (358 F2d 239, cert den 384 US 919, reh den 384 US 982) and Galgay v Bulletin Co. (504 F2d 1062) is misplaced. Both cases are factually distinguishable in important respects. Suffice it to say that, unlike in these Federal cases, the stipulation sought to be enforced here against the nonresident defendant was both negotiated and entered into by him in New York. The latter two factors, in conjunction with the long period of residence here in New York, also persuade me that the defendant’s contacts with New York are such that subjecting the defendant to in personam jurisdiction in New York does not raise constitutional questions by offending "traditional notions of fair play and substantial justice”. (Millikin v Meyer, 311 US 457, 463).
*364 IS THERE IN PERSONAM JURISDICTION OVER DEFENDANT PURSUANT TO CPLR 302 (SUED [b])?
CPLR 302 (subd [b]) provides in pertinent part: "A court in any matrimonial action or family court proceeding involving a demand for support or alimony may exercise personal jurisdiction over the * * * defendant notwithstanding the fact that he * * * no longer is a resident * * * of this state * * * if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony accrued under the laws of this state or under an agreement executed in this state.”
Plaintiff points out that since New York was clearly the "matrimonial domicile” of the parties prior to defendant’s abandonment of plaintiff in October, 1973, and since plaintiff is and at all times has been a resident of this State, and since defendant’s obligation to pay support accrued "under an agreement executed in this state”, the only possible obstacle to conferring in personam jurisdiction over defendant under CPLR 302 (subd [b]) would be whether the instant action constitutes a "matrimonial action or a family court proceeding” as contemplated therein. To be sure, there is a paucity of cases construing the afore-mentioned language of this fairly recently enacted statute. However, since this court has concluded that there is in personam jurisdiction under CPLR 302 (subd [a], par 1) it is not necessary to reach the question of whether there is in personam jurisdiction under CPLR 302 (subd [b]).
THIS COURT HAS SUBJECT MATTER JURISDICTION
Defendant argues that assuming arguendo this court finds it has in personam jurisdiction over the defendant, it lacks subject matter jurisdiction. Defendant points out in exhibits attached to his moving papers that various subsequent California judgments modified and altered the September 3, 1975 stipulation upon which the instant action is predicated. Defendant claims that plaintiff is bound by this subsequent California judgment especially in light of her appearance in such court and therefore is precluded from disregarding that modification in New York.
*365 Plaintiff properly points out, however, that by its terms and by the terms of the separation decree entered on November 13, 1975, the open-court stipulation by plaintiff and defendant entered into before this court on September 3, 1975 was incorporated, but did not "merge” therein, and "survived” said judgment. While the separation decree can be modified in California, the unmerged stipulation incorporated in that decree cannot be modified without the consent of both parties, and can thus be sued upon separate and apart from any subsequent alteration in the terms of the decree. (Goldman v Goldman, 282 NY 296; Vranick v Vranick, 41 AD2d 663; Josephs v Josephs, 78 Misc 2d 723.)
In essence, the September 3, 1975 stipulation exists in what can best be described as two forms, permitting two alternative actions. First, the stipulation exists as part of the New York separation decree which was modified by the subsequent California decree. Second, it exists as an unmerged, unimpeached, unmodified contract independent of the New York decree. The operative provisions of the California decree modified the New York decree and need not be, and will not be construed to have affected the stipulation insofar as it exists independently of the New York judgment. Any other interpretation of the California decree (such as that proposed by defendant) would render it violative of the law in New York (Goldman v Goldman, supra), California law (Knodel v Knodel, 14 Cal 3d 752) and the United States constitutional prohibition against "impairing the obligation of contract”.
COUNSEL FEES CANNOT BE AWARDED IN THIS ACTION
Defendant argues that plaintiff is not entitled to an award of counsel fees under section 238 of the Domestic Relations Law and distinguishes the case of Fabrikant v Fabrikant (19 NY2d 154, supra) upon which plaintiff relies.
Section 238 of the Domestic Relations Law provides: "In any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for divorce, separation, annulment or declaration of nullity of a void marriage, or in any proceeding pursuant to section two hundred forty-three, two hundred forty-four, two hundred forty-five, or two hundred forty-six, the court may in its discretion require the husband to pay the wife’s expenses in bringing, carrying on, or defending such action or proceeding.” (Emphasis supplied.)
*366 In Fabrikant the decree of divorce entered by the Mexican court specifically ordered the parties to comply with the terms of the separation agreement and thus the court there had the discretion and power to award counsel fees pursuant to the above section. At bar however, plaintiff brings this action to recover moneys due and owing under the stipulation, not sums due and owing by virtue of "a judgment or order” as required under section 238 if the court is to be empowered to exercise its discretion and award the plaintiff expenses. Plaintiff’s argument that it is seeking to compel payments required by the New York judgment of separation (which incorporated, but did not merge, the stipulation into the judgment) is without merit for the reason that the subsequent California judgment deleted or reduced the sums sought to be collected herein, and such modification was jurisdictionally proper and has not been appealed.
Though defendant’s motion to dismiss is predicated on grounds of lack of jurisdiction, this court, given the power conferred upon it under CPLR 3211, does hereby dismiss plaintiff’s fourth cause of action on the ground that under the circumstances no cause of action lies for the relief therein stated.
In summary, defendant’s motion to dismiss is granted as to the fourth cause of action set forth in the complaint, but in all other respects denied for the reasons set forth herein.

 Defendant was served with plaintiffs complaint in this action in December of 1974 while still a resident of New York State. The defendant concedes that while he subsequently became a resident of California in February of 1975, he personally appeared in the above action on September 3, 1975 pursuant to judicial process duly issued and served.