OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
The issue presented to the court is whether a summons initiating a child abuse proceeding under article 10 of the Family Court Act may properly be served outside New York State on a nonresident natural father, where all the alleged acts of abuse took place in Illinois.
Section 154 of the Family Court Act is entitled “Statewide process” and provides as follows: “The family court may send process or other mandates in any matter in which it has jurisdiction into any county of the state for service or execution in like manner and with the same force and effect as similar process or mandates of county courts as provided by law.”
The Appellate Division has interpreted this section as restricting the service of Family Court process to the boundaries of New York State. (Wasserman v Wasserman, 43 AD3d 951.) While a person properly served within New York may not escape jurisdiction by fleeing to another State (Oster v Oster, 54 AD2d 584), the respondent father herein has never been so served.
*562 Despite the foregoing, the Corporation Counsel argues that service may be made on the natural father in Illinois, where he resides. In support of this contention, reference initially is made to section 165 of the Family Court Act which allows the Family Court to apply the CPLR where “appropriate” and “where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed”. Developing his argument further, the Corporation Counsel asks the court to apply a novel interpretation of CPLR 314 (subd 2) which authorizes out-of-State service in certain actions. While this section concerns in rem service, the brief submitted by Corporation Counsel argues that “a proceeding under Article 10, Family Court Act can also be considered an action in rem, the res being the custodial status of the respondents.” No case is cited for this interpretation of both article 10 of the Family Court Act and CPLR 314 (subd 2).
The argument of the Corporation Counsel is without merit. First of all, section 165 of the Family Court Act is inapplicable since section 154 of the same statute clearly and specifically limits service of Family Court process to the State of New York. In this regard, the court has read the case of Lawrenz v Lawrenz (65 Misc 2d 627) and respectfully disagrees with the holding therein. After deciding that section 154 precluded out-of-State service of Family Court process by the petitioner on a Colorado resident, the Lawrenz court nonetheless construed section 165 of the Family Court Act and CPLR 302 as permitting such out-of-State service. The reason offered was that since intrastate service was unavailable to the petitioner, section 154 was inapplicable. The Lawrenz court apparently construed section 154 as specifying the mechanics of intrastate service rather than whether such service is legally permissible in the first instance. With such an interpretation this court cannot agree, especially in light of the holding in Wasserman v Wasserman (supra).
Moreover, CPLR 314 (subd 2), by its express terms, concerns the exercise of in rem jurisdiction in a case involving “specific real or personal property within the state”. The interpretation offered by the Corporatin Counsel flies in the face of accepted principles of statutory *563 construction. Thus, it has been observed that “Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) Since it is the function of the courts to interpret the law and not legislate, this court cannot ignore the obvious meaning of CPLR 314 (subd 2).
Moreover, a child abuse proceeding is extremely serious in nature, as a result of which the State may interfere to a very significant degree in the parent-child relationship. (Matter of Ella B., 30 NY2d 352; Family Ct Act, § 1052.) In fact, under the latter statute, a subsequent adjudication of child abuse may result in the termination of all parental rights. With such profound consequences flowing from a child abuse adjudication, the interpretation of CPLR 314 (subd 2) offered by the Corporation Counsel would, as applied in this case, render the statute unconstitutional. (Kulko v California Superior Ct., 436 US 84.)
Finally, the fact that subdivision (c) of section 1036 of the Family Court Act permits substituted service of a summons in a child protective proceeding does not contradict the mandate of section 154. In fact, when read with section 154, the provisions of subdivision (c) of section 1036 require the substituted service to take place within New York State. In discussing substituted service under section 1036, Douglas Besharov, writing the practice commentary for McKinney’s, refers specifically to CPLR 308. This latter statute concerns service within the State.
For the reasons herein stated, the summons issued pursuant to article 10 of the Family Court Act may not be served on the respondent father, an Illinois resident, in that State.