OPINION OF THE COURT
Ruth Jane Zuckerman, J.
In this family offense proceeding brought under article 8 of the Family Court Act, respondent was personally served with process in Pennsylvania. Before the court at this time is respondent’s motion to dismiss the petition on the grounds that such out-of-State service was improper and that the court accordingly lacks personal jurisdiction over respondent in this proceeding. Petitioner, relying upon section 154 of the Family Court Act and CPLR 302 (a) (2), opposes respondent’s motion.
*435 The facts and circumstances surrounding the instant motion, briefly stated, are as follows. On January 21, 1988, a petition was filed in this court alleging, insofar as is relevant here, that petitioner and respondent are married; that until September of 1987, when respondent left the marital residence, respondent lived with petitioner in New York; and that as of the date of the filing of the petition, respondent was residing in Bucks County, Pennsylvania. The petition further alleges that at various times in 1983, 1984 and 1987, respondent engaged in conduct in New York and elsewhere which constituted mental harassment, menacing and physical abuse, and that by reason of such conduct, petitioner was seeking an order of protection, including a provision barring respondent from the marital residence in New York City.
On the same day as the petition was filed, petitioner and her attorney appeared before the court, at which time the court denied petitioner’s ex parte application for a temporary order of protection and ordered, pursuant to Family Court Act § 826, that a summons and a copy of the petition be personally served on respondent. Thereafter, on February 6, 1988, respondent was personally served with process in Bucks County, Pennsylvania. On the return date of February 9, 1988, respondent’s attorney appeared before the undersigned, as did petitioner and her attorney. In the course of an on-the-record colloquy between counsel and the court, a question arose regarding the propriety of out-of-State service, and following respondent’s oral motion to dismiss the petition, the court directed that counsel submit memoranda of law on the jurisdictional issue.
In support of the motion to dismiss, respondent argues, in substance, that sections 154 and 826 of the Family Court Act specifically provide for service of process within the State of New York in article 8 proceedings and that resort to the "long-arm” provisions of the CPLR for out-of-State personal service is thus precluded. Petitioner, in opposing the motion to dismiss, contends that section 154 of the Family Court Act does not prohibit out-of-State service of process, and that pursuant to Family Court Act § 165, the court may apply the provisions of CPLR 302 (a) (2) and 313 in order to authorize such out-of-State service.
The narrow issue thus presented in the case at bar is whether out-of-State personal service, pursuant to CPLR 302 (a) (2), may be utilized where, as here, the family offense *436 petition before the court includes allegations that respondent committed a family offense, which would also constitute a tortious act, in New York. For the reasons set forth below, the court has determined that out-of-State personal service is impermissible in proceedings brought pursuant to article 8 of the Family Court Act.
The logical starting point in the analysis of the procedural issues raised in the case at bar is Family Court Act § 154 which, in its entirety, reads as follows:
"§ 154. State-wide process.
"(a) The family court may send process or other mandates in any matter in which it has jurisdiction into any county of the state for service or execution in like manner and with the same force and effect as similar process or mandates of county courts as provided by law.
"(b) In a proceeding to establish paternity or to seek support, the court may send process without the state in the same manner and with the same effect as process sent within the state in the exercise of personal jurisdiction over any person, subject to the jurisdiction of the court under section three hundred one or three hundred two of the civil practice law and rules, notwithstanding that such person is not a resident or domiciliary of the state where:
"(1) the child was conceived in this state and the person over whom jurisdiction is sought is a parent or an alleged or probable parent of the child; or "(2) the child resides in the state as a result of the acts or directives of the person over whom jurisdiction is sought; or "(3) the person over whom jurisdiction is sought has resided with the child in this state; or
"(4) the person has acknowledged paternity, in writing, or has furnished support for the child while either such person or the child resided in the state; or "(5) the person has filed with the putative father registry maintained by the state department of social services; or "(6) there is any basis consistent with the constitutions of this state or the United States for the exercise of personal jurisdiction.”
The above-quoted provision, which is contained in part 5 (General Powers) of article 1 of the Family Court Act, establishes a general principle, applicable in all proceedings brought under the Family Court Act, except for those cases in *437 which a conflict exists between the provisions of section 154 and those of the specific article of the Family Court Act governing a given proceeding. Not surprisingly, in the latter instance, the provision contained in "the article governing the proceeding controls.” (Family Ct Act § 157.)
Article 8 of the Family Court Act, which governs all family offense proceedings brought in this court, in turn contains specific rules for service of process. As set forth in section 826 of the Family Court Act, these rules are as follows:
"(a) Service of a summons and petition shall be made by delivery of a true copy thereof to the person summoned at least twenty-four hours before the time stated therein for appearance. If so requested by the respondent, the court shall not proceed with the hearing or proceeding earlier than three days after such service.
"(b) If after reasonable effort, personal service is not made, the court may at any stage in the proceedings make an order providing for substituted service in civil process in courts of record.”
Section 826 is thus very clear: as a general rule, under section 826 (a) personal service of process is required. However, section 826 (b) goes beyond the general provisions of section 154 (a) by authorizing substituted service where personal service cannot with reasonable effort be made. Since substituted service refers to in-State service of the sort authorized by CPLR 308, and since no mention of out-of-State service is contained in section 826, it follows, when section 154 and section 826 are read together, that the general rules limiting the reach of Family Court process to the State’s boundaries apply in article 8 proceedings.
In an effort to overcome the plain meaning of sections 154 and 826 of the Family Court Act, petitioner relies upon section 165 (a) of the Family Court Act, which reads as follows: "Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent [that] they are suitable to the proceedings involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they *438 aré appropriate to the proceedings involved.” In essence, petitioner contends that since neither article 1 nor article 8 of the Family Court Act specifically addresses the issue of out-of-State service in family offense proceedings, pursuant to section 165, a "method of procedure has not been prescribed” by the Family Court Act, and that recourse to the CPLR is thus appropriate when the issue before the court is such out-of-State service of process. Turning to the CPLR, petitioner contends that out-of-State service is authorized, pursuant to CPLR 313, over a person "who is subject to the jurisdiction of the courts under Section 301 or 302” of the CPLR, and that respondent in the case at bar is, in fact, subject to jurisdiction under CPLR 302 (a). The latter section, in pertinent part, reads as follows:
"Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent * * *
"2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act”.
Although it is apparent that if the provisions of CPLR 313 and 302 (a) govern, the Family Court would have personal jurisdiction over respondent as to the commission of tortious acts within New York, a careful review of the provisions of the Family Court Act as well as of the cases construing and applying the Act’s provisions regarding personal jurisdiction makes clear that neither section 165 (a) nor any other provision of the Family Court Act permits resort to CPLR 313 and 302 (a) in the case at bar.
Initially, it should be noted that section 165 (a) of the Family Court Act, by its own terms, applies only where "a method of procedure * * * is not prescribed” by the Family Court Act. Since, however, section 154 (a) clearly provides for a method of procedure — personal service of process within the State — and section 826, consistent with section 154 (a), in turn, provides for the manner of service in article 8 proceedings, there is simply no occasion for any resort to section 165 (a) or to the CPLR’s long-arm provisions. This conclusion is amply supported by the Practice Commentaries to sections 154 and 165. Thus, the Practice Commentary to section 154 states unequivocally that "[sjervice or execution of Family *439 Court process or other mandate may be made in any county of the state * * * but not in another state or country” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 154, at 91-92). The Commentary to section 165, insofar as it is relevant here, further provides as follows: "The Family Court Act establishes a clear structural framework for court action, by specifying such elements as subject matter jurisdiction, service of process, hearings, preliminary and dispositional orders, post-dispositional remedies, and appeals. However, the Act does not make specific provision for the multitude of procedural issues that can arise in any adversary proceeding, such as: amendment and sufficiency of pleadings, disclosure procedures, the method of making and timing of motions, pre-trial hearings, joinder and severance of parties and claims, and evidentiary issues, including privileges, competency, and the burden and quantum of proof. To provide guidance about these and other procedural issues, the Civil Practice Law and Rules is made applicable to Family Court proceedings 'where the method of procedure ... is not prescribed’ by the Family Court Act or other law giving the Court jurisdiction over the proceeding.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 165, at 109.)
That petitioner’s reliance upon section 165 (a) is misplaced becomes even more clear when a number of other provisions of the Family Court Act and the Domestic Relations Law relating to service of process out of State are examined. As was previously noted, section 154 (a) of the Family Court Act provides the general rule for service of process in Family Court proceedings, and limits the reach of such process to the State’s borders. Where out-of-State service is authorized in Family Court proceedings, such authorization is specifically set forth either in the applicable provisions of the Family Court Act or in the governing provisions of the Domestic Relations Law or the Social Services Law. Within the Family Court Act itself, authorization for out-of-State service appears at only two points: first, in section 154 (b), and second, in section 617 (c).
As to the former, section 154 (b) specifically authorizes out-of-State service in certain paternity and support proceedings brought under articles 4 and 5 of the Family Court Act and was added to section 154 in 1983. This amendment was deemed necessary despite the fact that CPLR 302 had previously been amended so as to include the following provision: *440 "(b) Personal jurisdiction over non-resident defendant in matrimonial actions or family court proceedings. A court in any matrimonial action or family court proceeding involving a demand for support, alimony, maintenance, distributive awards or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the claim for support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state or under an agreement executed in this state.” The legislative memorandum to the 1983 amendment to section 154 explains why, notwithstanding the above-quoted language of CPLR 302 (b), the amendment to section 154 of the Family Court Act was deemed necessary. This memorandum, to the extent relevant here, states:
"Although Tong-arm’ jurisdiction has been available in most civil actions and proceedings under Section 302 of the Civil Practice Law and Rules, such has not been the case in Family Court paternity and support proceedings. Chapter 505 of the Laws of 1982 was enacted to overcome this anomaly and to permit exercise of personal jurisdiction over non-resident, nondomiciliaries if the claim for support arose in this state.
"The recent enactment by the Legislature expanded the long-arm jurisdiction to include Family Court support and paternity proceedings; however, questions have arisen regarding the applicability of Section 154 of the Family Court Act relating to service of process of the Court and which apparently limits service to within the State. In order to overcome any possible objections to service of process without the State to obtain personal long-arm jurisdiction over non-residents, non-domiciliaries, Section 154 would be expanded to account for the exercise of long-arm jurisdiction in these proceedings.” (1983 McKinney’s Session Laws of NY, at 2501.)
Although it could be argued that the amendment to CPLR 302 (b), standing alone, was sufficient to authorize the exercise of long-arm jurisdiction by the Family Court in paternity and support proceedings which met the requirements of CPLR 302 (b) (see, Matter of Ifland v Ifland, 120 Misc 2d 820 [Fam Ct, *441 Rockland County 1983]; cf., Matter of Nilsa B.B. v Blackwell H., 84 AD2d 295 [2d Dept 1981] [implicitly approving application of CPLR 302 (b) in Family Court proceedings, but holding that the version of CPLR 302 (b) then in effect precluded the assumption of in personam jurisdiction in a paternity action prior to the entry of an order of filiation]), the Legislature believed otherwise, despite the reference in CPLR 302 (b) to Family Court proceedings. From this, it is reasonable to conclude that the limitations on the Family Court’s exercise of personal jurisdiction are indeed stringent, and that very specific authorization is needed before long-arm jurisdiction can be utilized.
Section 617 (c), the other provision of the Family Court Act which specifically addresses out-of-State service, is contained in part 1 of article 6 of the Family Court Act (Termination of Parental Rights by Reason of Permanent Neglect). Subdivisions (a) and (b) of section 617 provide, respectively, for personal and substituted service generally. Subdivision (c) then goes on to provide as follows: "Personal service within or without the state or in a foreign country shall be made in accordance with the provisions of section three hundred seven of the surrogate’s court procedure act, as the same may be amended from time to time, with respect to service of a citation.” Pursuant to subdivision (d) of this section, the CPLR is, however, looked to where publication service is employed. What is important in the court’s view about the inclusion of subdivision (c) in section 617 is that this provision again makes clear that when the Legislature intended to authorize out-of-State service in Family Court proceedings, it did so with specificity.
The Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law § 75-a et seq.) similarly sets forth specific rules for service of process outside the State of New York. (See, Domestic Relations Law § 75-f.) The UCCJA, of course, frequently governs custody proceedings brought in Family Court, and it is clear that in the absence of the specific provisions of section 75-f, out-of-State service would be unavailable in the Family Court in such proceedings.
In an effort to overcome not only the plain meaning of section 154 (a) of the Family Court Act, but also the over-all pattern of the provisions governing out-of-State service in Family Court proceedings, petitioner relies upon a number of cases in which the courts, pursuant to Family Court Act § 165, looked to the CPLR for guidance. With the exception of the *442 decision in Matter of Lawrenz v Lawrenz (65 Misc 2d 627 [Fam Ct, Westchester County 1971]), however, none of the cases cited by petitioner involved the application of section 165 in the context of out-of-State service. Although it is true that the court in Lawrenz held that in support proceedings brought under article 4 of the Family Court Act, the long-arm provisions of CPLR 302 are available through the application of section 165 of the Family Court Act, this court finds the reasoning in the Lawrenz case unpersuasive and accordingly declines to follow it.
To date, no appellate cases appear to have addressed the issue raised in the instant case. However, in the few reported trial court cases involving challenges to extraterritorial service in article 8 proceedings, such service has been held to be invalid, and the arguments here made by petitioner rejected either expressly (Anthony T. v Anthony J., 134 Misc 2d 375 [Fam Ct, Nassau County 1986]), or by necessary implication. (Matter of Parrett v Parrett, 46 Misc 2d 573 [Fam Ct, Dutchess County 1965].) Similarly, in a child protective proceeding brought under article 10 of the Family Court Act, the court rejected the contention that in such a proceeding, extraterritorial service under CPLR 314 was permissible pursuant to section 165 of the Family Court Act. (Matter of Brian S., 112 Misc 2d 561 [Fam Ct, Richmond County 1982].)
From this examination of the statutory framework governing service of process in Family Court proceedings and the case law construing and applying the relevant statutory provisions, it thus appears clear that absent specific statutory authorization, extraterritorial service is impermissible in Family Court proceedings, and that where, as here, no such authorization exists, service of process must be made within the State’s borders. Finally, although it appears that long-arm jurisdiction under CPLR 302 (a) could constitutionally be made applicable in a family offense proceeding such as this one, it is the province of the Legislature, rather than the judiciary, to bring about this change in the law.
For all of the foregoing reasons, the court has concluded that respondent’s objection to out-of-State personal service in this article 8 proceeding must be sustained. Since, however, the petition was duly filed and the proceeding thus properly commenced pursuant to section 821 of the Family Court Act, dismissal of the petition is not mandated. (Matter of Hoggard v Hoggard, 45 AD2d 38 [1st Dept 1974].) Accordingly, service of the summons on respondent is set aside, with leave to *443 petitioner to effectuate service upon respondent as provided for in section 826 of the Family Court Act. In the event that petitioner does not seek issuance of appropriate process by the court by August 31, 1988, the court will deem the petition withdrawn without prejudice.